[No. 3,700.]

## LEWIS J. HANCHETT *v.* JOHN FINCH.

CHANGE OF PLACE OF TRIAL.—When the action is brought in a county other than that in which the defendants resides, he has a *prima facie* right to have the venue changed to the county of his residence, but this right is subject to the power of the Court to retain the cause for trial in the county in which it was brought, if the convenience of witnesses and ends of justice require it.

IDEM.—The Court below may exercise its discretion on an application to change the place of trial on account of the convenience of witnesses, and where there is a conflict in the affidavits its ruling will not be disturbed, unless it appears that this discretion has been abused.

IDEM.—The mere preponderance in number of witnesses on one side is not necessarily decisive of the application.

APPEAL from the District Court of the Twentieth Judicial District, Santa Clara County.

The facts are stated in the opinion.

*H. K. W. Clarke,* for Appellant, cited Section 395, Code of Civil Procedure; *White* v. *White,* 13 Cal. 324; and *Locke* v. *Latham,* 15 Cal. 419.

*F. R. Spencer* and *Bodley & Rankin,* for Respondent,

argued that it was within the discretion of the Court to retain the case in Santa Clara County.

By the COURT:

The action was brought in Santa Clara County, and the defendant then was and yet is a resident of Alameda County. The defendant in due form and at the proper time moved to change the place of trial to Alameda County, on the ground that he was a resident of that county. The plaintiff, in opposition to the motion, filed his affidavit to the effect that the ends of justice, and the convenience of witnesses, required that the action should be tried in Santa Clara County. He specifies six witnesses residing in that county, whose testimony, he alleges, will be material. In a counter affidavit the defendant alleges that he has eight material witnesses residing in Alameda County, whose names are given. The Court below denied the motion, and the defendant appeals. *Prima facie* the defendant had the right to have the action tried in Alameda County. But this right is subject to the power of the Court to retain the cause for trial in Santa Clara County if the ends of justice or the convenience of witnesses require it. The Court below must necessarily to some extent exercise its discretion in such cases, and has a better opportunity than we to determine whether the application is made in good faith, and whether the ends of justice will be best subserved by granting or refusing the motion. The mere preponderance in the number of witnesses on the one side or the other is not necessarily decisive of the application; and unless there is reason to believe that the Court below has abused its discretion or injustice has been done, we are not inclined to interfere. In this case we see no reason to infer that the Court has not exercised its discretion soundly.

Judgment affirmed.