[No. 10,519.—Department No. 2.]

## PEOPLE *v.* FERRIS.

Assault with intent to Kill—Drunkenness as Justification.—Drunkenness is never an excuse for crime, except where it is continued so long and been carried to such an excess as to produce *delirium tremens* or some other form of permanent insanity; but whenever the actual existence of a particular intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the intent with which he committed the act.

Id.—Id.—An instruction of the Court upon the trial of an indictment for an assault with intent to kill, to the effect that evidence of drunkenness on the part of the defendant, while clearly admissible under the law, should be received with great caution, *held,* not to be erroneous.

Appeal from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Humboldt. Haynes, J.

*S. M. Buck,* for Appellant.

Evidence of drunkenness was admissible upon the question of intent. (*State* v. *Wingo,* 66 Mo. 181; Pen. Code, § 22.)

The Court erred in instructing the jury that the evidence of drunkenness should be received *with great caution.* This was a charge upon the *weight* of evidence. (*Seligman* v. *Kalkman*, 8 Cal. 216; *Blackburn* v. *Com.* 12 Bush, (Ky.) 181; *Harris* v. *State*, 1 Tex. Ct. App. 74; *Grube* v. *Nichols*, 36 Ill. 92; *Fine* v. *St. Louis*, 30 Mo. 166; *Anderson* v. *Kincheloe*, id. 520.)

*Attorney-General*, for Respondent.

MORRISON, C. J.:

The appellant was convicted in the Superior Court of the County of Humboldt of the crime of an assault with a deadly weapon, with intent to kill and murder one James Mahoney, and was by that Court sentenced to five years' imprisonment in the State Prison.

1. The first point made before this Court is, that the verdict of the jury was against the evidence. The facts are few and simple, and are substantially as follows:

The defendant was the owner of a drinking-saloon in the town of Eureka, and being indebted to one J. P. Monroe, executed and delivered to Monroe a bill of sale therefor, and thereafter James Mahoney was put in charge of the saloon by said Monroe. About two hours later, in the same day, the defendant came to the saloon and asked Mahoney for the key, stating at the time that he wanted to lock up the saloon. Mahoney refused to surrender the key to him, and thereupon the defendant struck Mahoney with his fist. The language of the witness is: " He said he would have it, (the key) and he made a pass at me. I knocked it off, and the next time I got cut in the stomach; then I cleared out. * * * Then, I should judge it was about fifteen or twenty minutes after I went over to McGarraghan's, he hallooed to me. He was coming up by Buhne's store, when he hallooed to me, and told me he wanted the key. I told him as I did before, that I would not give it to him, and he made a pass at me again. * * * He made a lick at me, and I knocked it off with my arm, and then he drew his knife. He struck at me and I knocked it off, and then I struck him, and he came at me with his knife. He then cut me

in the side and twice in the head. I then ran off, and he chased me and overtook me. I then had to give him the key."

This is substantially the evidence in the case.. The witnesses do not precisely agree in their statements, but the evidence clearly establishes the guilt of the accused. The key was rightfully in the possession of Mahoney, and his refusal to surrender it constituted no just ground for the assault made upon him by the defendant.

We have said that the key was rightfully in Mahoney's possession, and therefore he very properly refused to let the defendant have it; but if the case had been otherwise—if the defendant had been justly entitled to its possession—the refusal to surrender it would have afforded no just or legal cause for the assault. The verdict was not contrary to the evidence, but was fully sustained by it.

2. The next ground of error alleged is that the Court misdirected the jury in giving, at the request of the District Attorney, the following instruction:

"6th. The defendant relies upon the fact that he was drunk as an excuse for his act, and claims that he was incapable of forming a criminal intent. The same rule of law should apply in cases of drunkenness as in case of insanity: that is, was the accused at the time of committing the offense conscious that he was doing wrong? And when drunkenness is relied upon as a defense and an excuse for crime, the burden of proof is upon the defendant to establish the fact of drunkenness to such an extent as that he was not conscious he was doing wrong, and this must be established on his part by satisfactory proof."

We are of the opinion that the foregoing instruction was erroneous, as it assumes that drunkenness is in some cases an excuse for crime, and places it on the same footing with insanity. Insanity, when it reaches that degree of mental disease that the party is not capable of knowing the nature or quality of the act, or if he did know it, that he did not know he was doing what was wrong, relieves him from all criminal responsibility.

Tindal, C. J., in answer to questions propounded by the House of Lords to the Judges, (cited in Roscoe's Cr. Ev. 953,) says: "that to establish a defense on the ground of insanity, it must be clearly proved that at the time of committing the act the

party accused was laboring under such a defect of reason, from disease of the mind, as not to *know the nature or quality of the act,* or if he did know it, that he did not know he was doing *what was wrong.*" This is the rule adopted in this State. (*People* v. *Coffman,* 24 Cal. 230.) The burden of proving insanity rests upon the defendant, and its existence must be satisfactorily established by a preponderance of evidence. (*People* v. *Myers,* 20 Cal. 518.)

If, therefore, it could be claimed that the plea of drunkenness is the same in law as the plea of insanity, and is governed by the same rules, the instruction given by the learned judge was correct. But drunkenness, as has already been stated, is never an excuse for crime except where it has continued so long and been carried to such an excess as to produce *delirium tremens,* or some other form of permanent insanity. The instruction was therefore more favorable to the defendant than the rule, as we understand it, justified the Court in giving; but of this the defendant cannot complain.

In other instructions, the Court did, however, give the law correctly to the jury. The jury were told by the Court that in order to find the defendant guilty of the crime charged against him, they must be satisfied of his guilt, from the evidence, to a moral certainty and beyond a reasonable doubt. They were further instructed that they might take into consideration the fact that the defendant was drunk at the time of the commission of the act charged, to determine the fact whether the accused was too drunk to have formed the criminal intent necessary to hold him responsible before the law. The eighth instruction given by the Court to the jury was the following:

" If you believe that the defendant was in a state of intoxication at the time of the alleged assault, I charge you, that while drunkenness is no excuse for any crime whatever, yet, as before stated, it is of very great importance in cases where it is a question of intention, and a person may be so drunk as to be utterly unable to form any intention at all, and yet he may be guilty of very great violence."

The above instruction was certainly as favorable to the accused as he had a right to ask. The Court of its own motion pro-

ceeded to charge the jury at greater length on the question of drunkenness, and among other things charged as follows:

"No act committed by a person when in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent, is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent, with which he committed the act. * * * Evidence of drunkenness is only admitted for the purpose indicated in the preceding instruction, and may be considered by the jury as a fact bearing upon the question of the intent with which the act was done."

The foregoing extracts from the charge of the Court below bring the case within the rule laid down by this Court in the case of *The People* v. *Williams*, 43 Cal. 344. In that case the law was stated to the jury as follows:

"It is a well-settled rule that drunkenness is no excuse for the commission of crime. Insanity, produced by intoxication, does not destroy responsibility, when the party, when sane and responsible, made himself voluntarily intoxicated; and drunkenness forms no defense whatever to the fact of guilt, for when a crime is committed by a party while in a fit of intoxication, the law will not allow him to avail himself of his own gross vice and misconduct to shelter himself from the legal consequences of such crime. Evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime, and for this purpose it must be received with great caution." Referring to this instruction, Wallace, C. J., says: "The fifteenth instruction given to the jury, as to insanity produced by intoxication, is correct. It is the same which was approved here in *People* v. *Lewis*, 36 Cal. 531."

3. The third and last point made on behalf of the appellant, is that the Court below erred in charging the jury, as follows:

"Evidence of drunkenness on the part of defendant, while clearly admissible under the law, should be received by the jury with great caution."

There was no error in the above admonition, as has already

been shown by the last two cases referred to, and as will also appear from an examination of the more recent case of the *People* v. *Bumberger*, 45 Cal. 650.

Judgment and order affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.