[In Bank.—February 16, 1883.]

THE PEOPLE, RESPONDENTS, v. WILLIAM JONES APPELLANT.

HOMICIDE—DRUNKENNESS.—The court charged the jury that insanity produced by intoxication will not destroy responsibility if the party, when sane and responsible, makes himself voluntarily intoxicated; and that drunkenness is no excuse for crime, but is a circumstance for the consideration of the jury in determining the degree of the crime. The evidence proved that the homicide was committed on Sunday about one o'clock, P. M., and that the defendant had bought a pint of pure alcohol on the Friday before the homicide, brought it home with him on Friday evening, and drank it, without water, all the next day. Held (1), that the charge was not erroneous; (2), that the evidence tended to prove voluntary intoxication, and that the charge on the subject was relevant.

PUNISHMENT—DISCRETION OF JURY UNDER SECTION 190 OF THE PENAL CODE.—It was not error to instruct the jury that if they find the defendant guilty of murder in the first degree, with some extenuating fact or circumstance in the case,

it is within their discretion to pronounce such a sentence as would relieve him from the extreme penalty of the law. Section 190 of the Penal Code invests a jury in a criminal case for murder with that discretion; but the discretion is not an arbitrary one, and it is proper for the court to instruct them as to its exercise.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion of the court

*Noel & Bishop,* for Appellant.

*Attorney-General,* for Respondent.

McKEE, J.—This appeal is from a judgment of conviction of murder, and an order denying a motion for a new trial.

Insanity, from the long continued use of intoxicants, was the only defense made on behalf of the defendant. In substance the court charged the jury to the effect that insanity produced by intoxication would not destroy responsibility when the party, when sane and responsible, made himself voluntarily intoxicated, and that drunkenness was no excuse for crime, but it was a circumstance for the consideration of the jury in determining the degree of the crime. The charge upon the subject in the very language by which it was given to the jury was considered and approved by this court in the cases of *The People* v. *Ferris,* 55 Cal. 592; *People* v. *Williams,* 43 Cal. 345; *People* v. *Lewis,* 36 Cal. 531. But it is contended that while it was appropriate to the facts of those cases it was irrelevant to this case, because there was no proof of voluntary intoxication by the defendant at the time of the commission of the homicide, and therefore the charge was erroneous, because it was calculated to mislead the jury.

The homicide was committed on Sunday, the 7th of May, 1882, about one o'clock P. M., and the evidence given on behalf of the defendant proved that he had bought a pint of pure alcohol on the Friday before the homicide, brought it home with him on Friday evening, and drank it without water all of the next day. This evidence certainly tended to prove voluntary intoxication, and the charge on the subject was relevant.

It was not error to instruct the jury that if they found the

defendant guilty of murder in the first degree, with some extenuating fact or circumstance in the case, it was within their discretion to pronounce such a sentence as would relieve the defendant from the extreme penalty of the law.   Section 190 of the Penal Code invests a jury in a criminal case for murder with that discretion; but the discretion is not an arbitrary one, and it was proper for the court to instruct them as to its exercise.

There is no error in the record prejudicial to the defendant, and the judgment and order appealed from are affirmed.

MORRISON, C. J., ROSS, J., McKINSTRY, J., and MYRICK, J., concurred.