[No. 9275. Department Two. — January 29, 1886.]

JUAN V. AVILA, ADMINISTRATOR, ETC., OF WILLIAM J. GRAVES, DECEASED, RESPONDENT, v. D. J. ME-HERIN ET AL., APPELLANTS.

PRACTICE — CHANGE OF VENUE — IMPARTIAL TRIAL — CONVENIENCE OF WITNESSES — DISCRETION — APPEAL. — A motion for a change of the place of trial on the ground of the convenience of witnesses, and because a fair and impartial trial cannot be had in the county in which the action is brought, is addressed to the sound discretion of the court, and its action thereon will not be reversed on appeal, unless it appears that this discretion has been abused, or injustice has been done.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing a change of the place of trial.

The facts are stated in the opinion.

*Mich. Mullany*, for Appellants.

*E. & William Graves*, and *J. N. Turner*, for Respondent.

BELCHER, C. C.—This action was commenced in the county of San Luis Obispo, and the appeal is from an order refusing to change the place of trial to the city and county of San Francisco.

The motion to transfer was made upon the affidavit of one of the defendants, setting forth that deponent believed a fair and impartial jury could not be obtained to try the case in San Luis Obispo County; that the convenience of witnesses and the ends of justice would be promoted by the change; that great friendship existed between the judge of the court and the plaintiff, and deponent had reason to believe, and did believe, that the judge was disqualified from acting in the case, and that an impartial trial could not be had before him.

This affidavit was met by a counter-affidavit of the plaintiff, showing that a fair and impartial jury could be obtained to try the case; that the convenience of a greater

number of witnesses and the ends of justice would be promoted by retaining it; that the judge was in no way disqualified, and deponent believed a fair and impartial trial, in every respect, could be had before him. It is settled law in this state that motions of this kind are addressed to the sound discretion of the court, and this court will not interfere with the exercise of that discretion, unless it appears that this discretion has been abused, or injustice has been done. (*Sloan* v. *Smith*, 3 Cal. 410; *People* v. *Fisher*, 6 Cal. 154; *Watson* v. *Whitney*, 23 Cal. 375; *Hanchett* v. *Finch*, 47 Cal. 192.)

We are unable to see that the court below abused its discretion in this case, and the order should therefore be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed; and it appearing that there is no merit in the appeal, and that it was taken for delay, damages are awarded to respondent in the sum of two hundred dollars.

Hearing in Bank denied.