[No. 12431. In Bank. — February 25, 1889.]

## DAVID C. CLANTON, APPELLANT, v. WILLIAM RUFFNER ET AL., RESPONDENTS.

CHANGE OF PLACE OF TRIAL — CONVENIENCE OF WITNESSES — DISCRETION. — An application to change the place of trial for the convenience of witnesses is addressed to the sound legal discretion of the court, and the order made thereon cannot be reversed unless there is an abuse of discretion. The mere preponderance in number of witnesses on the one side or the other is not necessarily decisive of the application.

APPEAL from an order of the Superior Court of Yolo County refusing to change the place of trial.

The facts are stated in the opinion.

*James W. Oates,* for Appellant.

*G. P. Harding, J. Craig,* and *F. S. Sprague,* for Respondents.

BELCHER, C. C. — This action was commenced in the superior court of Sonoma County to recover damages for an alleged libel, printed and published by defendants in Yolo County. The defendants demurred to the complaint, and in due time and proper form demanded that the place of trial be changed to Yolo County, on the ground that they were residents of that county. The motion was granted, and the case transferred, and thereafter defendants filed their answer. The plaintiff then

moved that the place of trial be changed back to Sonoma County, on the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

When this motion came on to be heard, affidavits were presented and read. In the plaintiff's affidavit it was said that there were twenty-eight material and necessary witnesses whom he wished to call and examine at the trial, and that all of them resided in Sonoma County. In the defendants' affidavit it was said that there were forty-four material and necessary witnesses whom they wished to call and examine at the trial, and that all of them resided in Yolo County. The motion was denied, and the plaintiff appealed from the order.

It is admitted by counsel for appellant that the application was addressed to the sound legal discretion of the court below, and that the order cannot be reversed unless there was an abuse of that discretion. It is claimed, however, that in this case there was an abuse of discretion.

It is contended by each party that many of the witnesses named on the other side were not necessary ones, and this would seem to be so. But whether so or not, "the mere preponderance in the number of witnesses on the one side or the other is not necessarily decisive of the application." (*Hanchett* v. *Finch,* 47 Cal. 192.) The court was called upon to decide the matter in view of all the facts and circumstances presented; and after carefully reading the affidavits, we are unable to say that it did not exercise its judgment fairly, impartially, and properly. Certainly we can see no such abuse of discretion as would justify a reversal, and we therefore advise that the order appealed from be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.