[No. 20852.   Department Two. — July 25, 1892.]

## THE PEOPLE, RESPONDENT, *v.* F. O. VINCENT, APPELLANT.

| 95 | 425 |
| 103 | 380 |
| 95 | 425 |
| 116 | 195 |
| 116 | 509 |
| 95 | 425 |
| 122 | 239 |
| 123 | 49 |
| 95 | 425 |
| 132 | 332 |
| 95 | 425 |
| 142 | 360 |
| 95 | 425 |
| 144 | 203 |

CRIMINAL LAW — JURY — CHALLENGE TO PANEL — SECOND VENIRE — CHALLENGE TO JURORS RESUMMONED. — The fact that some of the jurors summoned in a criminal case upon a second special *venire* had also been summoned upon the first special *venire*, to which a challenge to the entire panel had been sustained by the court, upon the ground of the bias and prejudice of the deputy sheriff who summoned them, furnishes no ground to a challenge of the entire panel of the second *venire*. Whatever objections might be had to the second panel should be presented as challenges to individual jurors.

ID. — POWER OF COURT TO DIRECT SUMMONS OF JURORS. — Under section 226 of the Code of Civil Procedure, the court may at any time direct the sheriff to summon jurors from the body of the county, although there be names of properly selected regular jurors in the jury-box; and when from any cause there are no regular jurors to be drawn from, the court may exercise the power granted by said section.

ID. — CHANGE OF VENUE — DISCRETION. — Although the discretion of the trial court in granting or refusing a change of venue in a criminal action is not an arbitrary discretion, yet where its exercise has not gone beyond legitimate and reasonable limits, it cannot be rightfully interfered with by the appellate court.

ID. — HOMICIDE — DRUNKENNESS — INSTRUCTION. — Upon a prosecution for murder, an instruction to the jury that evidence of drunkenness can

only be considered by them for the purpose of determining the degree of crime, and for such purpose it should be received with great caution, is correct.

Id. — Death Penalty — Amendment of Code — Prior Offenses. — The act of the legislature of March 31, 1891, amending sections 1217 and 1229 of the Penal Code, relating to the time and place for the execution of the death penalty of one convicted of murder in the first degree, does not apply to convictions for offenses committed prior to its enactment.

Appeal from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry Hogan,* and *S. R. Hart,* for Appellant.

*Attorney-General W. H. H. Hart, Deputy Attorney-General William H. Layson, Assistant District Attorney Welsh, W. D. Tupper,* and *F. H. Short,* for Respondent.

McFarland, J. — Appellant was convicted of the crime of murder in the first degree, and appeals from the judgment, and from an order denying a motion for a new trial.

1. We see no errors in the rulings of the court below in the matter of impaneling the jury.

It appears that the regular *venire* of jurors having been exhausted before the jury was completed, the court ordered a special *venire* to be summoned by the sheriff; that upon the return of the sheriff, the appellant interposed a challenge to the entire panel of jurors summoned upon said special *venire,* upon the ground of the bias and prejudice of the deputy sheriff who summoned them; and that said challenge was by the court sustained. Appellant then interposed a challenge to the regular *venire* of jurors, upon the ground that they had not been drawn in the manner as prescribed in section 205 of the Code of Civil Procedure, and the court also sustained that challenge. The court then ordered a second special *venire* to be issued for one hundred jurors, and upon the return of the sheriff, it appeared that of the one hundred jurors summoned, several were jurors who had also been

upon the first special *venire* to which a challenge had been sustained for bias of the officer who summoned them. Appellant then interposed a challenge to the panel (of the second special *venire*), upon the ground that a part of the panel was composed of persons who were upon the first special *venire,* and for which the challenge for bias of the officer had been sustained as aforesaid; and upon the further ground (as we understand it) that because the drawing of regular jurors for the year was invalid, therefore there could be no valid order for the summoning of special jurors by the sheriff. As to the first point, it is clear that the fact that á few persons summoned on the second *venire* had also been summoned on the first furnished no basis for a challenge *to the panel.* It is not made a ground for such challenge by the statute. (Pen. Code, sec. 1064.) Whatever legal objections appellant may have had to those persons should have been presented as challenges to individual jurors. As to the second point, it was held in *Levy* v. *Wilson,* 69 Cal. 111, and other cases, that the court, under section 226 of the Code of Civil Procedure, may at any time direct the sheriff to summon jurors from the body of the county, although there be names of properly selected regular jurors in the jury-box; and when, from any cause, there are no regular jurors to be drawn from, the very case arises where the court may, without any doubt whatever, exercise the power granted by said section 226.

2. We see no abuse of discretion in the overruling of appellant's motion for a change of venue. It is true that the prosecution filed no counter-affidavits, except as to the employment of assistant counsel; but the only affidavits filed by the appellant on the motion were made by himself and his counsel, which fact distinguishes the case widely from *People* v. *Yoakum,* 53 Cal. 566, upon which he relies. Moreover, as to the main point of public feeling against appellant in the county in which he was tried, the affidavits are largely upon information and belief; and upon that point, as the motion was not made until several days after the trial

had commenced, the court had witnessed the examination of a large number of jurors. The code provides that "if the court *be satisfied* that the representations of the appellant are true," the motion should be granted; and we certainly cannot say that in this case the court ought to have been so satisfied. It is true that the discretion of a trial court to grant or refuse a change of venue is not an arbitrary discretion, — a mere naked, irresponsible power; but when there has been fair room for the play of such discretion, and its exercise has not gone beyond legitimate and reasonable limits, it cannot be rightfully interfered with by the appellate court. (*People* v. *Elliott*, 80 Cal. 296, and cases there cited.) And we see no reason to hold that in the case at bar such discretion was improperly exercised.

3. It is contended by appellant that the court erred in instructing the jury that "evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime, and for this purpose it must be received with great caution." This instruction and others stating the same principle have been frequently approved by this court in murder cases. (*People* v. *Lewis*, 36 Cal. 531; *People* v. *Williams*, 43 Cal. 344; *People* v. *Belencia*, 21 Cal. 544; *People* v. *King*, 27 Cal. 507; 87 Am. Dec. 95; *People* v. *Ferris*, 55 Cal. 588; *People* v. *Jones*, 63 Cal. 168.) Appellant relies on the recent case of *People* v. *Phelan*, 93 Cal. 111, in which the said instruction above quoted was held to be erroneous. But that was a case of *burglary*, in which the degrees of the crime are not based at all upon the principle which distinguishes the degrees of murder. Section 22 of the Penal Code provides that "whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any species *or degree* of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act." Now, the degrees of murder are based upon the "intent" — the deliberation or premeditation —

with which the act is done; and therefore it is not improper, in trials for unlawful homicide, to instruct the jury that they can consider intoxication only for the purpose of determining the degree of the crime, because that is telling them in substance that they may consider it in determining "the purpose, motive, and intent" with which the act was committed. But in burglary the degrees of the crime are fixed solely by the point of *time* at which the act was done, — if in the night-time, of the first degree; if in the daytime, of the second degree. Therefore, to tell a jury in a burglary case that they could consider intoxication only in determining the *degree* of the crime would be not only absurd, but to take away from them the right to consider it in determining the "purpose, motive, or intent" with which the accused did the act complained of. Burglary consists in entering a house (or one of certain other buildings mentioned in the code), "with intent to commit grand or petit larceny, or any felony"; and it is apparent to the dullest apprehension that a drunken man might unlawfully enter a house without any intent whatever to commit larceny or felony. And it is equally apparent that a jury, in determining with what intent he entered, might well consider the fact that he was intoxicated; but the "degree" of the crime would have nothing to do with it. The court, in delivering the decision in *People* v. *Phelan*, 93 Cal. 111, did not consider it necessary to state that they were not dealing with a murder trial.

4. The crime of which appellant was convicted was committed prior to the act of March 31, 1891, amending sections 1217 and 1229 of the Penal Code, relating to the time and place for the execution of the death penalty; but it must be deemed to have been settled by the decision of this court in Bank in the case of *People* v. *McNulty*, 93 Cal. 427, that such amendments do not apply to convictions for offenses committed prior to their enactment.

The transcript does not contain the evidence, and the

foregoing are the only grounds relied on for a reversal. The record presents no error.

Judgment and order appealed from affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.