[No. 19366. Department Two.—July 17, 1894.]

STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS, Appellant, *v.* DANIEL HOUSER, Respondent.

Change of Place of Trial—Convenience of Witnesses—Discretion—Appeal.—Applications for a change of the place of trial, for the convenience of witnesses, are addressed to the sound legal discretion of the trial court, and its action cannot be disturbed upon appeal, unless it clearly appears that there was an abuse of that discretion.

Id.—Stipulation Admitting Facts to Be Proved—Counter-affidavits—Denial of Motion.—Where the plaintiff files affidavits showing

that the convenience of witnesses in support of the complaint requires a change of the place of trial, if the defendant files a stipulation admitting that all the facts alleged in the complaint are true, and thus obviates the necessity of proving them, no counter-affidavits are necessary, and the court does not abuse its discretion in denying the motion.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for change of place of trial.

. The facts are stated in the opinion.

*Nicol & Orr,* for Appellant.

*Stanton L. Carter,* and *Anderson & Anderson,* for Respondent.

BELCHER, C.—This is an appeal by the plaintiff from an order of the superior court of Los Angeles county, denying its motion for a change of the place of trial of the action from that county to San Joaquin county. The motion was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

The plaintiff was a corporation, organized under the laws of this state, and having its principal place of business at the city of Stockton, in San Joaquin county. Its capital stock was $300,000, divided into 3,000 shares, of which about 2,800 had been actually subscribed for and taken. On October 4, 1892, the defendant was the owner and holder of 400 shares of the said capital stock, and at that time $50 on each share of the subscribed capital stock had been fully paid up.

The action was brought to recover an assessment of $25 per share, levied on October 4, 1892, on the stock held by defendant. The complaint averred that the plaintiff was indebted to divers persons, companies, and corporations in sums aggregating $150,000, and was unable to meet its liabilities and satisfy the claims of its creditors, and that to meet such liabilities an assessment in the sum of $25 per share on the subscribed capital stock was necessary; that the assessment was duly levied

as required by statute, and notice of the order, in the form prescribed, was published, and copies of the notice were sent through the mails addressed to each of plaintiff's stockholders, including the defendant, at his place of residence; that the defendant had not paid the assessment on his stock or any part thereof, and that before the time fixed for the sale of the delinquent stock the board of directors of the plaintiff corporation, by resolution duly adopted, elected to waive further proceedings, under chapter 2, title 1, part 4, of the Civil Code, for the collection of delinquent assessments, and elected to proceed by action to recover the amount of said assessment due from defendant.

The only issues raised by the answer were as to the indebtedness of the plaintiff, its inability to meet its liabilities, the necessity of the levying the assessment, the adoption of the resolution levying the assessment, the publication by the secretary of the corporation of the notice of the assessment set out, the sending a copy of such notice through the mails to each of the said stockholders, and the adoption by the board of directors of plaintiff of the resolution electing to waive further proceedings, under the chapter of the Civil Code above referred to, for the collection of said alleged assessment, and ordering an action commenced to collect the same.

The motion to change the venue was based upon an affidavit of the plaintiff's president, which stated that all the transactions referred to in the complaint occurred in the county of San Joaquin; that all the officers and agents of the plaintiff resided in that county, except one who resided in the county of Butte; that the affiant and certain other persons would be material and necessary witnesses at the trial of the action, and were the only ones by whom the plaintiff could prove the necessary facts; and that no witness except the defendant, whose testimony would be material or needful, resided in the county of Los Angeles. The affidavit also set out what the plaintiff expected to prove by each of its said witnesses.

When the motion was called for hearing, counsel for defendant produced and filed a stipulation signed by them, which admitted, in substance, that all the facts alleged in the complaint were true, and thus practically rendered it unnecessary for the plaintiff to call and examine any of its said witnesses.

After the stipulation was filed, and upon due consideration, the court denied the motion, and the plaintiff excepted to the ruling.

In support of the appeal it is claimed that, as no counter-affidavits were filed, it was in effect admitted that the convenience of witnesses and the ends of justice would be promoted by the change asked for, and that under the circumstances shown, plaintiff had a statutory right to have the motion granted.

This claim cannot be sustained. Applications like this are addressed to the sound legal discretion of the trial court, and its action cannot be disturbed on appeal unless it clearly appears that there was an abuse of that discretion. (*Hanchett* v. *Finch*, 47 Cal. 192; *Avila* v. *Meherin*, 68 Cal. 478; *Clanton* v. *Ruffner*, 78 Cal. 268; *People* v. *Vincent*, 95 Cal. 427.) Here we are unable to see that the court in any way abused its discretion in denying the motion. The stipulation admitted the facts, and obviated the necessity of proving them. No counter-affidavits were necessary.

The order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., GAROUTTE, J.