[Civ. No. 1697.    Third Appellate District.—October 22, 1917.]

## J. I. CASE THRESHING COMPANY (a Corporation), Respondent, v. COPREN BROS. (a Copartnership), WILLIAM J. COPREN et al., Partners Doing Business, etc., and as Individuals, Appellants.

VENUE—CHANGE OF PLACE OF TRIAL—LOCAL PREJUDICE—PRESUMPTION—FOREIGN CORPORATION.—On a motion to change the place of trial upon the ground that a fair and impartial trial cannot be had, no presumption can be indulged in support of the order granting the motion from the fact that the party demanding the change is a foreign corporation.

ID.—TIME FOR APPLICATION.—Neither party may move for change because a fair trial cannot be had until the event has occurred which will assist the court in ascertaining whether such local prejudice exists as may influence the conduct of the jury.

ID.—ABUSE OF DISCRETION.—It was held under the facts in this case that the lower court abused its discretion in granting this motion.

APPEAL from an order of the Superior Court of Sierra County changing the place of trial.    Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

John V. Copren, and W. I. Redding, for Appellants.

Dunn, White & Aiken, for Respondent.

CHIPMAN, P. J.—Appeal from an order to change the place of trial from Sierra County to Plumas County on motion of plaintiff made on the ground that an impartial trial cannot be had in Sierra County. The action was to recover judgment upon certain promissory notes executed by the defendants for the purchase price of a certain traction engine, and was begun in the city and county of San Francisco, but the venue was changed to Sierra County, on the ground that all the defendants resided therein.

The cause was tried before a jury in Sierra County and a verdict directed by the court was rendered in favor of plaintiff. An appeal was taken to this court which resulted in a reversal of the judgment. The *remittitur* went down in January, 1917, and on April 18, 1917, the court made its

order from which this appeal was taken. As yet the cause had not been set for trial and, of course, no attempt had been made to obtain a jury. The motion was heard upon the affidavit of Jesse J. Dunn, attorney for plaintiff, and ''upon the papers and files in the case'' and upon the affidavits in rebuttal of John V. Copren, attorney for defendants, and Wm. J. Copren, one of the defendants in the action.

By the affidavit of Attorney Dunn, it appears that plaintiff had fully stated all the facts in the action to him, and that plaintiff was advised by him that it had a good and sufficient cause of action; that the facts of the case are within the knowledge of affiant, who makes the affidavit in plaintiff's behalf. The grounds for the motion are set forth in the affidavit as follows:

''That the said plaintiff is a foreign corporation and a manufacturer of threshing machines and engines, and that in the year 1912 it sold to the said defendants one of its said engines. That on a failure of the said defendants to make payment, in accordance with their contract therefor, plaintiff brought suit in the above-named county, and defendants have asked for a jury trial of the said action. That on a previous trial thereof a jury was impaneled, sworn and charged, and the case presented in the said court before the said jury. That on the conclusion of the action, the court instructed the jury to return a verdict in plaintiff's favor, which the said jury refused to do until after admonished by the court that it could not avoid it except by the violation of their jurors' oaths.

''That the said plaintiff is practically unacquainted in the said county. That the said defendants, as your affiant is informed and believes, were born and raised in the said county and are well and favorably known throughout its entire length. That they lived there nearly, if not entirely, the whole of their lives, and are at this time mature men. That the county is a sparsely settled county, and the acquaintanceship of the said defendants extends throughout its course and length. That one of the said defendants, Honorable William J. Copren, has for a number of years occupied the position of county assessor of said county, and is of wide and consequential influence therein.''

It is then stated: ''That the plaintiff, by reason of the foregoing facts, believes and has a good reason to believe, and

avers as a fact, that it cannot have a fair and impartial trial of its said action before a jury in the said county."

Attorney Copren, in his affidavit, avers that he is now and has been the attorney for the defendants and is familiar with all the facts in the case. Denies that by reason of the alleged facts in the affidavit of Attorney Dunn, or by reason of any fact, the plaintiff cannot have a fair and impartial trial before a jury in Sierra County. Alleges that on the previous trial of the action in September, 1915, a jury was impaneled and the cause presented before the said jury; that at the conclusion of the trial the court instructed the jury to return a verdict for plaintiff, "which the said jury did, and judgment was accordingly entered thereon in favor of plaintiff"; that on appeal to the district court of appeal, the judgment was reversed; "that since the reversal of said judgment in favor of plaintiff, no motion has been made to set the above-entitled case for trial, and, as yet, no jury has been demanded; . . . that at the previous trial there was no difficulty had in impaneling a jury; that there were but thirteen jurors examined, and each and every one of the said jurors qualified and was accepted by plaintiff; that one juror was excused by reason of the fact that his hearing was defective; . . . that plaintiff's rights were in every way protected at said former trial, and no subsequent fact has arisen upon which plaintiff can base its contention that a fair and impartial trial of said action cannot be had by a jury in Sierra County, or that there would be any difficulty in impaneling an unbiased jury in said action in Sierra County, and no such fact is alleged, or attempted to be alleged, in plaintiff's said affidavit on motion for change of venue. Denies that any acquaintanceship of defendants, or either of them, in Sierra County, would affect the trial of said action, or prevent plaintiff from having a fair and impartial trial of said action before a jury in said Sierra County." Alleges that all the facts in the case are within the knowledge of affiant, and that he believes and has so advised the defendants that they have and each of them has a good and substantial and valid defense to the action.

The defendant, Wm. J. Copren, in his affidavit denies that the acquaintanceship of his codefendant, C. A. Copren, "extends throughout the course or length of said Sierra County," and alleges that the the said C. A. Copren "is unacquainted

in said county, except in the Sierra Valley and in and about the town of Sierra City, in said county.'' Admits that affiant for a number of years occupied the position of county assessor of said county, ''but denies that he is of wide or consequential influence therein, and in this connection he states that neither he nor the said defendant, C. A. Copren, have ever used, attempted or intended to use, nor do they now intend to use, the influence of said defendants, or either of them, or of any other person, either social, political, official or otherwise, to prevent the plaintiff from having a fair or impartial trial of the issues herein before a jury, or otherwise, or at all.'' Admits that the county of Sierra is sparsely settled and that his acquaintanceship extends throughout its course and length, ''but he states that he is not acquainted with all of the persons subject to jury duty in said county, and that quite a large percentage of such persons are unknown to him.'' Affiant then states at some length the facts relating to the topography of the county and the various settlements of the people therein, and shows that by reason of mountain barriers and the location of the valleys of the county, these settlements of inhabitants are so separated by mountain barriers ''as to have but little communication, social or otherwise'' with each other. That in various portions of the county the inhabitants are engaged exclusively in mining and that in other portions the industries are grazing, agricultural, and lumbering, ''and that each of said sections is almost entirely independent of the others in their business relations, and to the extent that the inhabitants of each section have almost no business relations with the inhabitants of the other sections.'' It is further averred in the affidavit ''that the fact that the jury, on a previous trial of this action, temporarily refused to return a verdict for the plaintiff does not establish that a fair and impartial trial cannot be had before a jury selected from the body of the county, and that such fact can only be established after an attempt has been made to impanel a jury and it is then demonstrated that a fair and impartial trial cannot be so had.'' Denies that plaintiff, by reason of the facts set forth in the affidavit of merits made by Attorney Dunn, or by any fact, cannot have a fair or impartial trial of the action before a jury in said county, but, on the contrary, that there is no reason why plaintiff cannot have a fair and impartial trial therein.

Some reference is made in respondent's brief to what occurred at the former trial when the jury was instructed to bring in a verdict for the plaintiff, and some reliance is placed by respondent upon that episode as tending to show that the plaintiff cannot have a fair and impartial trial in Sierra County. This matter is not made a part of the record in this appeal and does not properly form any part of "the papers and files in the case," for it appears only in the transcript on appeal from the judgment rendered in the first trial. The certificate of the judge is that the foregoing record "is a full, true, and correct transcript of all papers and files used, and of all proceedings had and conducted, at the hearing and in the determination of the motion of the plaintiff for a change of the place of trial of the above-entitled cause." It may be doubted whether what occurred at that time can properly be considered on this appeal. Lest, however, we may do respondents an injustice, we will quote what purports to have occurred at that time, as shown by the respondent's brief, to which is added, also, a paragraph appearing in appellants' reply brief as part of what then occurred. This matter, as shown by respondent's brief, is as follows:

"The Court: Mr. Dunn, you will prepare the verdict in accordance with the ruling of the court.

"(The Court instructed the jury and they retired to the jury-room. Jury returned.)

"The Court: The clerk may call the names of the jurors.

"(Jurors all present.)

"The Court: Gentlemen of the jury, have you agreed upon a verdict in this case?

"Foreman: We can't agree to this; we can't come to this verdict.

"The Court: Do any of the jurors misunderstand the instructions of the court that you are to find in favor of the plaintiff in the sum of $918, there being no issue in the case for your determination? The court has determined that for you.

"Foreman: I think it is understood that we are to follow your instructions, whatever they are, but we don't like to subject ourselves to that will.

"The Court: As the court instructed the jury, there is no issue before you. Under the rulings of the court, the testi-

mony in behalf of the defendants' answer was incompetent and consequently the court instructed you accordingly.

"Foreman: They don't like to be parties to forcing the payment of the $198 ($918).

"The Court: That is a matter that they have nothing to do with. Perhaps I should have stated to the jury that three-fourths of you are a sufficient number to agree upon a verdict. In a civil case nine are a sufficient number to agree on the verdict.

"Foreman: There is no other verdict that we can agree on, is there? Do we have to agree to this verdict that is handed to us?

"The Court: Unless you wish to violate your oaths as jurors."

To the foregoing is added, as shown by appellants' reply brief, the following:

"Foreman: The plaintiffs have put in their evidence and in that contract it is stated that they sold a thirty horse-power engine. Our judgment as citizens leads us to believe that their signatures over that agreement to sell a thirty horse-power engine should be binding, and that they should sell a thirty horse-power engine.

"The Court: That is a matter that under the instructions of the court, you have nothing to do with. I think perhaps you had better retire again to the jury-room. You should have no trouble in determining whether you are going to comply with the instructions of the court or not."

The jury returned a verdict as directed by the court.

The foregoing presents all the facts which the trial court had before it in ruling upon the motion, including what occurred at the rendering of the verdict, which is not a part of the record and was not before the court when the motion was heard and decided.

Under section 395 of the Code of Civil Procedure, defendants had a right to have the case tried in the county of their residence, but this right is subject to the right given either party by section 397 of the Code of Civil Procedure, to have the place of trial changed "when there is reason to believe that an impartial trial cannot be had" in the county where the action is pending.

Beyond dispute, the burden was upon plaintiff to establish the fact that a fair and impartial trial could not be had by

a jury in Sierra County, and to determine that fact, only the facts set forth in the affidavits and such other facts as were before the court and have been made part of the record can now be considered. (*People* v. *Yoakum,* 53 Cal. 566; *People* v. *Kromphold,* 172 Cal. 512, [157 Pac. 599].) It was stated in *Stockton Combined Harvester etc. Works* v. *Houser,* 103 Cal. 377, [37 Pac. 179]: "Applications like this are addressed to the sound legal discretion of the trial court, and its action cannot be disturbed on appeal unless it clearly appears that there was an abuse of that discretion"; citing *Hanchett* v. *Finch,* 47 Cal. 192; *Avila* v. *Meherin,* 68 Cal. 478, [9 Pac. 428]; *Clanton* v. *Ruffner,* 78 Cal. 268, [20 Pac. 676]; *People* v. *Vincent,* 95 Cal. 427, [30 Pac. 581].

In *People* v. *Vincent,* the court said: "It is true that the discretion of a trial court to grant or refuse a change of venue is not an arbitrary discretion—a mere naked, irresponsible power; but when there has been fair room for the play of such discretion, and its exercise has not gone beyond legitimate and reasonable limits, it cannot be rightfully interfered with by the appellate court." The right of appeal given to a party aggrieved by the order granting or refusing a change of venue presupposes that the reviewing court may determine for itself from the record presented whether the trial court "has gone beyond legitimate and reasonable limits" in making the order in question.

In support of the order, counsel for respondent in part relies with apparent confidence upon certain presumptions which they claim the court had the right to and did indulge in when considering the application. We quote from respondent's brief:

"Courts, it has been said, are presumed to know the things which people generally know, and we submit that not only people generally but every practicing lawyer and court in the land knows as an indisputable fact, that when controverted questions of fact are submitted to trial juries in communities such as this, between a foreigner and a favorably known local citizen, that the citizen has more than an 'even break'; he has all the best of it. That every reasonable, possible intendment and conclusion that can be drawn in his favor is drawn for him against his foreign antagonist. Lawyers know this, people know it generally, and, of course, courts know it. If this is true of a foreign individual, how

much more true is it when, as is set forth in this affidavit, the plaintiff is a *foreign corporation*, which is generally considered nothing more nor less than a natural enemy of every local resident when controversy arises. That the foreign corporation shall not be permitted to win if it is a possible thing to beat it, is always orthodox. No citizen lawyer nor court expects anything else, and the foreign corporation does not look for it.

"We submit that the foregoing statements are recognized facts by everybody, and being so, the trial court, when considering the affidavit filed in this case, started in with that knowledge and had a right, and it was its duty, to consider that knowledge in weighing the affidavit submitted."

We confess to some surprise that this court should be asked to give countenance to such a doctrine.

We are loath to believe that the inhabitants of Sierra County are different in moral and intellectual fibre from those of any other county in the state. We are not willing to believe that they are incapable of fairly and impartially administering justice between a foreign corporation and one of their citizens. Respondent's proposition means that while a foreign corporation must bring such an action as this in the county of the defendants' residence, a presumption arises, which, if invoked, the trial court must treat as a fact, that the corporation cannot have a fair and impartial trial in that county, and if it seeks to change the venue, its application must for that reason be granted, for it would be impossible to overcome this presumption, since the entire inhabitants are inoculated with this hostile virus.

In our opinion, no such presumption can be indulged in support of the order. The fact that plaintiff is a foreign corporation is an inconsequential factor and of no probative value in determining the question. The remaining facts relied upon are: That at the former trial, when instructed by the court to render a verdict for plaintiff, the jury showed reluctance to do so, although after so expressing themselves, they did obey the instruction of the court; that plaintiff is practically unacquainted in Sierra County, while defendants were born and have lived to mature age therein, "and are well and favorably known throughout its entire length"; that the county is sparsely settled "and the acquaintanceship of said defendants extends throughout its course and length";

and that one of the defendants "has for a number of years occupied the position of county assessor of said county, and is of wide and consequential influence therein." Except that plaintiff is unacquainted in said county and that the county is sparsely settled and that one of the defendants has served the county as assessor, these alleged facts are controverted by respondents. The population of Sierra County, as shown by the census of 1910, was 4,098. It appeared that there was no difficulty in obtaining a jury at the first trial, the members as called having been accepted by both parties. Since then the case has not been set for trial and, of course, no attempt made to secure a jury. We do not think it a reasonable conclusion from the facts alleged that a fair and impartial trial cannot be had in Sierra County. It is an unwarranted inference that an impartial jury cannot be called from the citizens of that county capable of impartially trying a case between a foreign corporation and residents therein simply because these persons are widely and favorably known in the county. To disqualify the entire inhabitants of a county to sit as jurors on such grounds would, in our opinion, be an unreasonable exercise of judicial power. This impeachment of its citizens would include logically the judge of the superior court and for like reasons his disqualification to sit in the case might be invoked.

Speaking generally of statutory provisions for change of venue, the supreme court said in *Cook* v. *Pendergast,* 61 Cal. 72, 79: "So he [plaintiff] may move on the ground that a fair and impartial trial cannot be had in the county where the action has been commenced or whenever he ascertains the disqualification of the judge. But neither plaintiff nor defendant can move for a change of the place of trial because of the convenience of witnesses, or because a fair trial cannot be had, until the event has occurred which, in the one case, can alone enable the court to decide what facts are material to be proved by the respective parties, or which, in the other case, will assist the court in ascertaining whether such local prejudice exists as may influence the conduct of the jury.

"The fact that an impartial trial cannot be had must be clearly established. So plainly does it appear that a motion on this ground should be made after answer, that the practice of attempting to secure a jury before passing on the motion

has been approved. It has even been held that nothing less than an actual experiment, by way of trial or attempt, to impanel a jury, and a consequential failure, will be sufficient to show that a fair and impartial trial cannot be had." (Citing *Messenger* v. *Holmes,* 12 Wend. (N. Y.) 203; *Patchin* v. *Sands,* 10 Wend. (N. Y.) 570; 2 Wait's Practice, 620.)

It has been several times held that it is not error to postpone the consideration of an application for a change of venue until an attempt has been made to impanel a jury, where leave is granted to counsel to renew his application if the facts disclosed in the impanelment should further warrant it. (*People* v. *Staples,.* 149 Cal. 405, 412, [86 Pac. 886], and cases cited.)

While we do not hold that a change of venue on the grounds here stated would under no condition of circumstances be granted until an unsuccessful attempt had been made to impanel a jury, no case has come under our observation in which a change of venue was sought or granted where there had not been one trial, or where some effort had not been made to obtain a jury. It is conceivable that a showing might be made of a prejudice against a plaintiff so widespread, intense, and outspoken, through the public press and otherwise, as to warrant a conclusion that the plaintiff would not have a fair trial where the action was pending. But it must be conceded that without making an attempt to secure an impartial jury, it would require something more than a showing that the defendants "are well and favorably known throughout the entire length of the county," and that one of them "is of wide and consequential influence therein" because he had been intrusted with the office of county assessor. As above shown, there was no difficulty in getting a jury at the former trial. That they hesitated at first to render a verdict as directed, it seems to us, furnishes no ground for assuming that an impartial trial cannot be had in that county. Defendants' right to have the case tried at the place of their residence is given them by statute. This right should not be taken from them without the plaintiff clearly shows that its right to a fair and impartial trial cannot be had where the action is pending.

We do not think sufficient showing has been made to justify the order. We think the learned trial judge has, in the

exercise of his discretion, "gone beyond legitimate and reasonable limits."

The order is therefore reversed.

Hart, J., and Burnett, J., concurred.