[Sac. No. 2582.   Department One.—May 27, 1918.]

## ANITA P. BLEVINS, Appellant, v. MICHAEL BLEVINS, Respondent.

PLACE OF TRIAL—MOTION FOR CHANGE—CONVENIENCE OF WITNESSES—DISCRETION OF TRIAL COURT.—Applications for change of place of trial on the ground of convenience of witnesses are addressed to the sound legal discretion of the trial court, and its action will not be disturbed on appeal except for clear abuse of that discretion.

ID.—REFUSAL TO REOPEN MOTION FOR FURTHER HEARING AFTER SUBMISSION.—Where, in opposition to a motion by plaintiff to change the place of trial of an action from the county of defendant's residence to the county of plaintiff's residence, the defendant filed an affidavit setting forth the names of nineteen witnesses residing in his county and the matters to which he expected them to testify, and the plaintiff attempted to meet this by a stipulation to the effect that the plaintiff would admit that the witnesses named would testify to the matters set forth, but this stipulation was so qualified as to eight of the witnesses as to impair its value, the trial court, after two days had been occupied in the hearing, and the matter had been submitted and taken under advisement, did not abuse its discretion in refusing to reopen the hearing so as to permit the plaintiff to amplify the stipulation, even conceding that the stipulation, so amplified, would have entitled the plaintiff to a transfer.

APPEAL from an order of the Superior Court of Colusa County denying a motion to change the place of trial.   Ernest Weyand, Judge.

The facts are stated in the opinion of the court.

Howard Harron, and Alva A. King, for Appellant.

Millington & Millington, Frank Freeman, and George R. Freeman, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order denying a motion for change of place of trial upon the ground of convenience of witnesses.   The action is one for divorce on the ground of extreme cruelty.   It was originally commenced by the plaintiff in the superior court of the city and county of San Francisco.   Upon the appearance and demand of the defendant the action was transferred for trial to the county

of Colusa, the place of the defendant's residence. Thereafter his answer and cross-complaint were filed, in the former of which the defendant made specific denials of the averments of the plaintiff's complaint in so far as they referred to his alleged acts of cruelty, while in his cross-complaint the defendant averred numerous acts of cruelty on the plaintiff's part. To this cross-complaint the plaintiff answered with specific denials. The issues having thus been made up the plaintiff made her motion for the transfer of the case to the city and county of San Francisco upon the ground of convenience of witnesses, supporting the same with an affidavit containing the names of twenty-five witnesses residing in San Francisco, with a statement as to the matters in support of the averments of her complaint to which she expected each of said witnesses to testify. In resisting this motion the defendant filed a counter-affidavit, denying that the convenience of witnesses and the ends of justice would be promoted by the change of place of trial, deposing that the calendars of the several departments of the superior court of San Francisco were congested to the extent that a trial of this action could not be had for several months if the cause should be transferred to said court, while in the county of Colusa it could be tried speedily. The defendant further set forth the names of nineteen witnesses residing in the county of Colusa or counties adjacent thereto, together with the matters to which he expected each of them to testify, in denial of the averments of the plaintiff's complaint, or in support of those of his cross-complaint. The motion came on for hearing on or about July 18, 1916, whereupon the plaintiff presented and filed a so-called stipulation in which she agreed that if certain specified witnesses named in the defendant's affidavit did not appear on his behalf at the trial of the cause if transferred to San Francisco, she would admit that said witnesses would testify to the matters set forth in the defendant's affidavit to which they were severally expected by him to testify. The admission as to eleven of these witnesses was unqualified, but as to the remaining eight was so qualified as to largely impair its value. Upon the presentation and filing of this affidavit on plaintiff's behalf the defendant presented a stipulation on his behalf to the effect that as to seventeen of the plaintiff's witnesses he would admit that their proposed testimony, as shown in the plaintiff's affidavit, was true and to be consid-

ered as admitted facts in the case; and that as to one other of the plaintiff's witnesses, subject to an objection to the admission of the testimony of said witness upon the ground that it was immaterial, he would admit that said witness would testify as stated in the plaintiff's affidavit. The matter came on for hearing before the court upon this state of the record. Two days were occupied in the hearing of the motion and the matter was then submitted for decision and taken under advisement by the court. On the following day after such submission counsel for plaintiff presented for filing a further stipulation to the effect that if the cause should be transferred to the city and county of San Francisco for trial, and if any of the enumerated witnesses in the defendant's affidavit did not appear at such trial, the plaintiff would agree that each of the said witnesses for the defendant not so appearing would testify to such of the facts set forth in the defendant's affidavit as were admissible in evidence. The defendant objected to the consideration by the court of this belated stipulation unless the whole matter was reopened. The court declined to reopen the matter and for that reason refused to consider this latter stipulation, and thereafter denied the plaintiff's motion for a retransfer of the cause to San Francisco for trial. It is from the order so made that the plaintiff prosecutes this appeal.

Applications for change of place of trial on the ground of convenience of witnesses are addressed to the sound legal discretion of the trial court, and its action will not be disturbed upon appeal unless it clearly appears that there has been an abuse of that discretion. (*Hanchett* v. *Finch,* 47 Cal. 192; *Avila* v. *Meherin,* 68 Cal. 478, [9 Pac. 428]; *Clanton* v. *Ruffner,* 78 Cal. 268, [20 Pac. 676]; *Stockton etc. Works* v. *Houser,* 103 Cal. 377, [37 Pac. 179].) From a careful examination of the pleadings in the case and of the issues tendered thereby, and of the respective affidavits of the parties as to the witnesses upon whose testimony they relied to support or controvert these issues, we are convinced that as the case stood before the court at the time of its submission, there would have been not only no abuse of discretion in the denial of the plaintiff's motion, but upon the showing made it should have been denied. The appellant, however, contends that she was entitled to have had considered her stipulation filed after the submission of the cause, containing further admissions as to

the witnesses for the defendant.   Conceding, for the sake of argument, that had this belated stipulation been presented before the submission of the cause it would have entitled the plaintiff to a transfer, we are unable to say that the court abused its discretion in refusing to reopen the hearing.   The cause had been before the court for two days upon the affidavits and stipulations of the respective parties to it.   During that hearing the plaintiff had every opportunity to have amplified her former stipulation by the presentation of her later one containing no new matter, but she permitted the cause to be heard, argued, and submitted without doing so, and apparently only brought to light the latter when, upon reflection, she feared that her former showing might prove insufficient. The matter of reopening a cause once submitted for decision in order to present proofs which were fully known during the pendency of the hearing to the party now seeking their admission was even more largely within the discretion of the trial court than was its conclusion upon the main issue, and hence its action thereon will not be disturbed upon appeal in the absence of a manifest abuse of discretion.   There is no such showing in this case, and hence the conclusion of the court in relation to both matters will be upheld.

Order affirmed.

Sloss, J., and Angellotti, C. J., concurred.

Hearing in Bank denied.