[S. F. No. 2718.   Department Two.—July 16, 1903.]

## FRANK SCHILLING, Appellant, v. A. H. BUHNE, Respondent.

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—DISCRETION.—The granting or denial of a motion for the change of the place of trial, on account of the convenience of witnesses, is in the discretion of the court, and is subject to review only in case of a clear abuse of discretion.

ID.—SAVING OF EXPENSE—CERTIFICATION OF PAPERS—STIPULATION.— The saving of expense to the plaintiff, in the certification of numerous papers to the county of the defendant's residence, is not a ground for the change of venue to the county of the plaintiff's residence, where the expense of certification is not stated, and where the defendant offers to stipulate copies to save such expense.

ID.—COUNTER-AFFIDAVITS.—The defendant may file counter-affidavits on the day set for the hearing of a motion by the plaintiff for change of venue. If any new matter is presented in the counter-affidavits, it is proper to grant the moving party time to file affidavits in opposition thereto.

APPEAL from an order of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

William Gilbert, for Appellant.

J. F. Coonan, and Frank McGowan, for Respondent.

LORIGAN, J.—Plaintiff, an attorney-at-law, commenced an action in the superior court of the city and county of San Francisco to recover for legal services alleged to have been rendered to defendant. On application of the defendant, the cause was transferred to the superior court of Humboldt County, that county being the place of defendant's residence. Thereafter the plaintiff applied to said superior court of Humboldt County to have the cause retransferred to the superior court of the city and county of San Francisco, on the ground that the convenience of witnesses would thereby be subserved, and that the ends of justice would be promoted by the change. In support of his application he filed affidavits, which were

met by countervailing affidavits upon the part of the defendant. Upon the hearing his application was denied, and he appeals.

As to the convenience of witnesses, the affidavits show, that upon the trial of the cause the plaintiff intended to prove the value of his services by the testimony of certain attorneys (named in the affidavit) residing in the city and county of San Francisco. It does not appear from the affidavits that he intended to call these witnesses as to the nature or amount of legal services which he claims to have rendered to the defendant, but to call them solely as experts for the purpose of fixing their value. The defendant in his affidavit bearing upon the convenience of witnesses, sets forth the names of an equal number of witnesses—practicing attorneys, resident in Humboldt County—whom he proposed to call as to the value of the services rendered by the plaintiff. It will be thus observed that, as far as the convenience of these witnesses is concerned, the plaintiff stands in no better position than the defendant. It is true the record shows that the services for which defendant makes charge were rendered in the city and county of San Francisco, a portion of them consisting in services rendered in an action brought there entitled "Mutual Life Insurance Company v. Kroeger." We cannot assume however, in the absence of any statement to that effect in the affidavits, that the value of services for which plaintiff claims compensation is to be measured by a different standard of value because they were performed in San Francisco, than if they had been performed in Humboldt, and, this being true, and no more reason being shown why the witnesses for the defendant on this point should be required to come from Humboldt County to San Francisco, than that the witnesses to the same point for the plaintiff should go from San Francisco to Humboldt County, we can see no cause for disturbing the action of the lower court in denying the application upon that ground. Another ground urged upon the motion was, that it would be necessary upon the trial to produce the papers on file in the case of "The Insurance Company v. Kroeger," and, as stated in his affidavit, "the expense to certify the same to the superior court in and for the county of Humboldt by copies is more than this affiant can stand." This file consists

of some fifty-eight papers, but the lower court is not informed in the affidavit of plaintiff as to what the expense of the certification thereof would be. Affiant's statement, that it is "more than this affiant can stand," afforded no information upon the subject. Upon the hearing of the motion the defendant offered to stipulate to copies of the various papers on file in said cause. As the only expense with reference to these papers that the plaintiff complained of was the expense of certification, this offer to stipulate, if accepted by the plaintiff, would have entirely obviated the necessity of such expense. We are not disposed to say that an affidavit for a change of venue on the ground of expense to a litigant, which in no particular shows what that expense will be, is entitled to any consideration whatever; but be that as it may, in this case the only expense that the plaintiff claims he would be compelled to incur, the defendant offered by stipulation to relieve him of. As far, too, as the matter of mere expense is concerned, the lower court must have had in mind that to grant the change of venue upon the undisclosed amount of expense complained of for certification of these papers would have entailed upon the defendant the certain expense of bringing to San Francisco his witnesses upon the value of services.

We think the motion on all grounds urged was properly denied. A defendant has a *prima facie* right to have an action of this character tried in the superior court of the county in which he resides, subject, however, to the power of the court to change it in certain cases. The granting or refusing of an application for a change of venue, is a matter resting in the discretion of the court, and the action of the lower court is only subject to review here in case of a clear abuse of that discretion.

It is urged by the appellant that the court erred in permitting the defendant upon the day set for the hearing of the application to file counter-affidavits. His point is, that these affidavits should have been filed prior to that time. Counsel has not cited us to any authority to sustain his position. We are satisfied that none exists. It is the general practice to file such affidavits on the day, and at the time, of the actual hearing of the motion, and we have never known the practice to be seriously questioned. Of course, it is proper, if any new

matter is presented by such counter-affidavits, to grant time to the moving party to file affidavits in opposition. The lower court, when the objection was urged against the filing of these affidavits, offered to allow counsel time within which to prepare affidavits opposing them, which he declined to accept.

It was claimed by plaintiff on the hearing of this motion that the defendant was represented in the case by an attorney resident in San Francisco. This claim is made in the face of an affidavit expressly denying that fact, and therefore is without merit.

Let the appeal from the order be affirmed.

McFarland, J., and Henshaw, J., concurred.