[Civ. No. 45. First, Appellate District.—January 18, 1906.]

ANTONE BIRD, Respondent, v. UTICA GOLD MINING COMPANY et al., Appellants.

PLACE OF TRIAL—REFUSAL TO CHANGE—CONVENIENCE OF WITNESSES.— The refusing or granting of a motion for a change of the place of trial upon the grounds that the convenience of witnesses and the ends of justice would be promoted thereby lies in the sound legal discretion of the trial court, and the mere preponderance in the number of witnesses does not necessarily control the matter.

ID.—PREPONDERANCE OF WITNESSES—DISCRETION.—The mere fact that all the witnesses of the defendant who were seventeen in number, resided in the county to which the change of venue was requested does not show an abuse of discretion in denying the change, when it also appears that the plaintiff and his witnesses, who were six in number, all resided in the county in which the action was brought and that the plaintiff, by reason of his destitute circumstances, could not procure the attendance at the trial of some of them, if the transfer were made.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a change of the place of trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Harding & Knight, for Appellants.

Martin Stevens, for Respondent.

HALL, J.—This is an appeal from an order denying defendants' motion for a change of the place of trial from the city and county of San Francisco to Calaveras county. The motion was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by such change. The action has since been tried, as appears by the appeal from the judgment now pending in this court (post, p. 674, 84 Pac. 256).

The refusing or granting of a motion for a change of venue upon the ground that the convenience of witnesses and the ends of justice would be promoted thereby lies in the sound legal discretion of the trial court. (*Hanchett* v. *Finch,* 47 Cal. 192; *Reavis* v. *Cowell,* 56 Cal. 588; *Avila* v. *Meherin,* 68 Cal. 478, [9 Pac. 428]; *Clanton* v. *Ruffner,* 78 Cal. 268, [20 Pac. 676]; *Stockton* v. *Houser,* 103 Cal. 377, [37 Pac. 179].) The mere preponderance in the number of witnesses does not necessarily control the matter; and unless it appears that the trial court has abused its discretion the appellate court will not interfere with the action of the lower court. From a careful examination of the record on this appeal we cannot say that the trial court abused its discretion in denying appellants' motion. It is true that the witnesses for appellants, seventeen in number, resided in Calaveras county; but it is also true that the plaintiff and his witnesses, six in number, resided in San Francisco. It was also shown that plaintiff was in destitute circumstances, and could not procure the attendance at the trial of some of his important witnesses, especially the physician that treated him for his injuries, if the trial should be transferred to Calaveras county.

The order is affirmed.