[Civ. No. 1379.   Second Appellate District.—July 17, 1915.]

JOHN B. TAIT, Appellant, v. MIDWAY FIELD OIL COMPANY (a Corporation), et al., Respondents.

VENUE—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—DISCRETION.—Motions for changes of venue on the ground of convenience of witnesses are addressed to the discretion of the trial court and rulings thereon will not be reversed on appeal unless there has been a clear abuse of that discretion.

ID.—PREPONDERANCE IN NUMBER OF PLAINTIFF'S WITNESSES — WHEN DISCRETION NOT ABUSED.—The fact that the number of witnesses whom the plaintiff claims he must use at the trial is greater than those of the defendants is not decisive of such a question, and it is held in this case that there was no abuse of discretion in denying a change of venue.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for a change of venue. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

S. Wyman Smith, and William B. Ogden, for Appellant.

A. J. Sherer, Arthur G. Baker, and J. S. McKnight, for Respondents.

CONREY, P. J.—This is an appeal by the plaintiff from an order denying his motion for a change of venue of the action from the county of Los Angeles to the county of Kern.

The motion was based upon the ground of convenience of witnesses and that the ends of justice would be promoted by the change, and was heard upon affidavits of the respective parties, together with the complaint and answers on file.

The rules applicable to changes of venue on account of convenience of witnesses have been stated in various decisions of the supreme court and of the district courts of appeal. Such motions are addressed to the discretion of the court and rulings thereon will not be reversed unless there has been a clear abuse of that discretion. (*Pascoe* v. *Baker*, 158 Cal. 232, [110 Pac. 815].)

This action was commenced by the plaintiff in the county wherein defendants reside and where defendant corporation has its office and transacts much of its business, although its business of producing oil is located upon lands in Kern County. The pleadings show that some of the principal issues to be tried relate to services rendered by the plaintiff as an employee of the defendant corporation at and about an oil well in Kern County, and to questions concerning the faithfulness and skill of his conduct while so employed. With respect to these issues it appears that the plaintiff will depend upon the testimony of sundry witnesses named by him who reside in Kern County. On the other hand, it appears by affidavits made by or on behalf of the defendants that several witnesses on the part of the defendants whose testimony will be required to support the contentions of defendants upon facts in issue, reside in the county of Los Angeles. The affidavits on behalf of the defendants set forth certain facts to

which these witnesses will testify relating to those issues. We have examined the pleadings and affidavits and deem it unnecessary to set forth their substance at length herein. The number of witnesses whom the plaintiff claims he must use at the trial is greater than those of the defendants, but this is not decisive of the matter. Particularly is this so in the instance where the plaintiff gives the names of fifteen witnesses who all "will testify that the plaintiff had much experience in drilling oil wells and that he was capable in all respects to superintend the drilling of oil wells." The answers of the defendants do not set forth that the plaintiff was without experience or skill in the work for which he was employed; but do charge that the plaintiff did not during said employment exercise a reasonable degree of skill therein and did not use such skill as he possessed and that he neglected the business of his employment. Concerning another group of witnesses whose names are not given, the plaintiff's only claim is that "it may be necessary" for the plaintiff to produce them.

We are satisfied that there was no abuse of discretion by the superior court in its order denying a change of venue in this action, and the order is affirmed.

James, J., and Shaw, J., concurred.