[Civ. No. 1484. First Appellate District.—May 11, 1916.]

E. J. BLOSSOM, Appellant, v. C. W. WALLER, Respondent.

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—DISCRETION OF COURT.
A motion for a change of venue grounded upon the convenience of witnesses rests in the discretion of the trial court, the exercise of which will not be disturbed in the absence of a showing of its abuse; and it is settled that a mere preponderance in the number of witnesses claimed to be necessary to the moving party, does not entirely control the exercise of the court's discretion; regard may be given to the character of the proposed testimony, and the court may therefore determine for itself from the showing made whether or not there be any necessity for the testimony of any or all of the desired witnesses.

ID.—OPPOSITION TO MOTION—STIPULATION AS TO FACTS.—Stipulations admitting facts alleged in the pleadings may properly be received in opposition to a motion for change of venue made upon the ground of the convenience of witnesses, and where a stipulation in a case has the effect of eliminating the defendant's cause of action for damages, as pleaded in his cross-complaint, and consequently the plaintiff would not have been put to the necessity of producing witnesses to testify in his behalf upon that phase of the case, there is no abuse of discretion in denying plaintiff's motion for a change of venue in so far as the order made involved the issues raised by the cross-complaint.

ID.—ISSUES MADE BY COMPLAINT AND ANSWER—TESTIMONY OF PLAINTIFF AND DEFENDANT ONLY NECESSARY—PROPER DENIAL OF MOTION.
On a motion for a change of venue made by the plaintiff on the ground of convenience of witnesses, where a stipulation of the defendant admitted facts set up in the cross-complaint which, in effect, eliminated the issues raised therein, and it appeared that the issues raised by the complaint and answer depended largely upon the testimony of plaintiff and defendant alone, between whom the

convenience of attending the trial would not be a factor, and it did not appear that the showing made on behalf of plaintiff compels the conclusion that the greater convenience of the witnesses generally would be served by a trial of the action in the county of plaintiff's residence, the ruling of the trial court denying the motion will not be disturbed on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

J. T. Matlock, Jr., and W. W. Bedford, for Appellant.

Sterling Carr, and McCoy & Gans, for Respondent.

LENNON, P. J.—This action for damages for an alleged breach of contract was instituted in the superior court of Tehama County. The defendant's motion for a change of venue to the city and county of San Francisco, the place of his residence at the time of the commencement of the action, was granted. The defendant answering, denied all of the material allegations of the plaintiff's complaint, and, cross-complaining, prayed for damages claimed to have been suffered by him because of the plaintiff's failure to keep the terms of the contract imposed upon him. In due course plaintiff made a motion that the action be transferred to the superior court of Tehama County for trial upon the ground of the convenience of witnesses, supporting the motion by his own affidavit. Therein the plaintiff set forth the names of certain witnesses residing in or in the vicinity of Tehama County, and averred that it was his intention to call them as witnesses in his behalf, and that they would testify in a particular way to certain matters and things which apparently were material and relevant only to the issues raised by the defendant's cross-complaint. In reply the defendant filed his affidavit denying generally all the material averments of the plaintiff's affidavit, and in particular denying that the parties named as prospective witnesses for the plaintiff would testify in his favor, as stated in his affidavit. The affidavit of the defendant showed further that in support of his case he would rely upon the testimony of several witnesses to material matters

who resided in San Francisco. The defendant also filed affidavits by several persons, upon whom the plaintiff claimed to rely for testimony favorable to him, to the effect that they had not been spoken to by the plaintiff upon the subject of the controversy in suit and would not testify as stated in his affidavit, but, on the contrary, would testify to facts favorable to the defendant. The defendant also presented the affidavit of a third person which tended to show that the remaining witnesses designated in the affidavit of the plaintiff, and relied upon by him for testimony favorable to his side of the case, either upon the issues raised by the pleadings generally, or those raised by the cross-complaint, had not been approached by the plaintiff, and would not testify as he had expected. Supplementing these affidavits the defendant offered, and there was received in evidence upon the hearing of the motion, his written stipulation which, upon the condition that the action be tried in the superior court of the city and county of San Francisco, admitted as true certain facts involved in the issues raised by the cross-complaint. The defendant at the same time offered to stipulate and admit that a certain fact upon which he relied in support of one item of his damage resulting from the plaintiff's alleged breach of the contract, did not exist as it was pleaded in his cross-complaint. To the showing thus made by the defendant the plaintiff made no reply. The motion was denied, and the appeal is from the order thus made.

A motion for a change of venue grounded upon the convenience of witnesses rests in the discretion of the trial court, the exercise of which will not be disturbed in the absence of a showing of its abuse; and it is settled that a mere preponderance in the number of the witnesses claimed to be necessary to the moving party does not entirely control the exercise of the court's discretion. Regard may be given to the character of the proposed testimony; and the court may therefore determine for itself from the showing made whether or not there be any necessity for the testimony of any or all of the desired witnesses. (*Tait* v. *Midway etc. Oil Co.*, 28 Cal. App. 107, [151 Pac. 378]; *Pascoe* v. *Baker,* 158 Cal. 232, [110 Pac. 815]; *Bird* v. *Utica etc. Co.*, 2 Cal. App. 672, [86 Pac. 509].) Stipulations of the character proposed in the present case may properly be received in opposition to a motion for a change of venue made upon the ground of the convenience of

witnesses. The stipulations of the defendant, if accepted, would in effect have eliminated the defendant's cause of action for damages as pleaded in his cross-complaint, and consequently the plaintiff would not have been put to the necessity of producing witnesses to testify in his behalf upon that phase of the case. This being so, it cannot be said that the trial court abused its discretion in so far as the order made involved the issues raised by the cross-complaint. (*Schilling* v. *Buhne,* 139 Cal. 611, [73 Pac. 431]; *Stockton Combined Harvester etc. Works* v. *Houser,* 103 Cal. 377, [37 Pac. 179]; *Miller & Lux* v. *Kern County Land Co.,* 140 Cal. 132, [73 Pac. 836].)

With the issues raised by the cross-complaint eliminated there would have remained for determination only the issues raised by the complaint and the answer; and upon an analysis of the showing made for and against the motion it is apparent to us that the determination of the latter issues would depend largely upon the testimony of the plaintiff and defendant. As between these the inconvenience of attending the trial would not be a factor; and in so far as the testimony of other witnesses might be necessary to the determination of those issues, we are not satisfied that the showing made upon behalf of the plaintiff compels the conclusion that the greater convenience of the witnesses generally would be served by a trial of the action in the county of the plaintiff's residence.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.