[Civ. No. 2882.   First Appellate District, Division Two.—June 26, 1919.]

## H. S. RYAN, Respondent, v. INYO CERRO GORDO MINING AND POWER COMPANY (a Corporation), et al., Defendants; CERRO GORDO MINES COMPANY (a Corporation), Appellant.

[1] Place of Trial—Convenience of Witnesses—Balanced Equities—Denial of Motion.—Where it appears from the affidavits filed in connection with a motion for a change of venue on the ground of the convenience of witnesses that the equities of the parties in regard to the convenience of witnesses are rather closely balanced, it cannot be said that the trial court, in denying the motion, exceeded the bounds of reason.

[2] Id.—Discretion of Trial Court.—The granting of a motion for a change of venue upon the ground of the convenience of witnesses rests largely in the discretion of the trial judge, and orders upon such motions will only be disturbed when the abuse of discretion is clear.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion for a change of venue. J. R. Welch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

F. J. Hambly, S. E. Vermilyea and A. H. Swallow for Appellant.

Louis Oneal for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the state of California, in and for the county of Santa Clara, denying the motion of defendant, Cerro Gordo Mines Company, for a change of venue from the county of Santa Clara to the county of Inyo.   Said motion was made while an appeal was pending from an order denying a similar motion of the present appellant based upon other grounds.   The action was brought to recover damages for personal injuries alleged to have been sustained

2. Power of court to order change of venue in absence of statute, note, 21 Ann. Cas. 1068.

by plaintiff arising out of an alleged accident occurring at the mining properties of the defendant, Cerro Gordo Mines Company, in Inyo County, California, on July 22, 1916. Defendant's motion was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by such change in the place of trial. The evidence contained in the bill of exceptions consists of the complaint and answer and affidavits and counter-affidavits. The complaint alleges that at all the times mentioned therein the defendant companies were in possession of certain real property situated in the county of Inyo, state of California, which property said companies worked and operated for mining purposes; that at all times material to this action the defendants had and maintained on said property for the purpose of carrying and transporting ore from said defendants' slag dumps to their ore bins, what is known as a jig-back, consisting of two wire cables, one inch in diameter, stretched over and laid upon supports about fifteen feet from the ground between said slag dumps and ore bins. That said wire cables are parallel and formed a track about thirty inches in width, upon and over which said defendants ran and operated a car for the purpose of carrying ore from said slag dumps to said ore bins; that said car is pulled and propelled by means of a one-half inch wire cable, one end of which is attached to said car, and the other end to the drum of a gasoline engine belonging to said defendants; that said jig-back or cable track crosses over and above the public highway running between the towns of Keeler and Cerro Gordo, in said county of Inyo, which road or highway is the only public highway between said towns, and said ore car is operated upon said track where same crosses said highway; that on July 22, 1916, plaintiff was riding on a burro and traveling on said public road and it was necessary for plaintiff to pass and travel over said road where said cable track or jig-back crossed said road as aforesaid; that while plaintiff was traveling over said road at the point where same was crossed by said cable track, and while said defendant John Doe was in charge of the engine which propelled the ore car, said defendants carelessly and negligently operated said engine and the drum thereof, so that the one-half inch cable which was attached to and pulled said ore car became slack and dropped

from the level of said track down upon plaintiff with great force and violence, causing serious injury to her. The answer denies all the material allegations of the complaint and alleges that if any injuries were suffered by plaintiff, such injuries were caused by her failure to exercise ordinary care. It thus appears that some of the important issues are as to the ownership of the machinery or appliances causing the alleged injury; the character of the place where the alleged injury occurred; the negligence of the plaintiff; the negligence of the defendants in operating the said machinery and appliances, and the nature and character of the injuries to plaintiff.

Defendant and appellant sets out in its affidavit the names of thirty-three witnesses who it alleges are material and necessary witnesses, all of whom reside in Inyo County, the place where the cause of action arose, and alleges that if the trial is had in said county said witnesses will be produced by the defendant and appellant; that if the action is tried in Santa Clara County said witnesses would have to travel over five hundred miles for the trial, and the loss of time and expense incident to said journey would preclude their attendance; that said witnesses cannot and will not attend the trial if had in Santa Clara County, and the defendant, in the event of a trial in Santa Clara County, would be compelled to take depositions of such witnesses, and defendant cannot have a fair trial under such circumstances; that there are no other witnesses residing outside of Inyo County by whom the defendant can prove the same facts which can be proven by said witnesses. Defendant sets out in detail the facts it expects to prove by said witnesses, which evidence relates to the ownership of the machinery alleged to have caused the injury; that the accident did not occur upon any public road or crossing; that the machinery and appliances were being carefully and properly operated at the time of the alleged accident; that said machinery and apparatus were properly constructed and were in good working condition at the time of the alleged accident; that the jig-back was perfectly visible to plaintiff at the time of the accident, and that said plaintiff stopped under said machine at a place where there was no highway or road and at a point more than two hundred feet from where the plaintiff alleges in her complaint the accident oc-

curred; that the cable mentioned in the complaint did not drop upon or strike plaintiff or drag her from her burro; that various persons saw plaintiff immediately after the accident and observed her closely and saw no marks, bruises, lacerations, or other signs of injury upon her person; that certain persons saw plaintiff daily between July 29, 1916, and August 11, 1916, and knew her physical condition, and knew that there were no marks or bruises upon her body during that time; that the physician who examined plaintiff on the afternoon of the alleged accident found no marks, bruises, or contusions on her body nor any evidences of injury whatsoever; that another physician examined plaintiff about ten days after the accident and found no evidences of injuries; that in furtherance of justice it is necessary for the jury and court to view the place of the alleged accident, together with the jig-back and appliances, in order that they may have a complete understanding of the surrounding circumstances; that the place of alleged accident is but a short distance from Independence, the county seat of Inyo County, where said trial would take place if defendant's motion were granted, and that the trip of the jury and court to said place could be made at slight expense and in a single day.

Plaintiff, in her counter-affidavit, denied that convenience of witnesses and the furtherance of justice demanded the change of place of trial and alleged that a large number of the witnesses named in the affidavit of the defendant are employees of the defendant company and the wives of such employees; that defendant has a capital stock of two million dollars fully subscribed for and paid and is well able to bear the expense of bringing said witnesses from Inyo to Santa Clara County; that the president and leading counsel of defendant company reside in and have their offices in San Jose, county of Santa Clara, and that the ownership of the machinery and apparatus may be proven by such officers, and then plaintiff names twenty witnesses who she alleges are material and necessary witnesses for the trial of said action, asserting that sixteen of said witnesses reside in Santa Clara County and that the other witnesses named will be able to attend the trial if held in Santa Clara County but not if held in Inyo County; that plaintiff will be unable to secure the attendance of any of these witnesses

if the trial is had in Inyo County and will be obliged at great expense to take their depositions, and that she cannot have a fair trial if compelled to produce her evidence in this form; that plaintiff has not the financial means either to take her witnesses to Inyo County or to take the depositions of said witnesses; that there are no other witnesses outside of Santa Clara County by whom plaintiff can prove the same facts which can be proven by said witnesses; that plaintiff expects to prove by certain of said witnesses that the place where the accident occurred was at the time a public road and has been so used for many years prior to the date of the accident; that the plaintiff was on said highway at the time of the accident; that certain of said witnesses will testify as to the serious injuries sustained by plaintiff, having seen her immediately after said accident and for a number of days following said accident; that one of said witnesses is over the age of seventy years and is not physically strong enough to go to Inyo County, and that such witness will testify that the place where the accident occurred has been a public highway to her own knowledge from 1878 to 1914, and that during all of said time the said road was used as a public highway by the defendant and its predecessors in interest; that certain other witnesses named will testify as to the previous negligent operation of said machinery, etc.; that it will not be proper nor in furtherance of justice for the jury and court to view the place where the accident occurred because of the fact that since said accident occurred said defendants have obstructed said highway and have moved said jig-back and have erected a large store building across said road, and a view of said premises as they now stand would not be of any assistance to said court and jury; and furthermore, that the place where the accident occurred is over thirty-five miles from the county seat of Inyo County and that it would take said court and jury two days to make the trip thereto. Plaintiff later filed a supplemental affidavit giving the names of about twenty-five other witnesses who it is alleged are material and necessary witnesses and who are residents of Santa Clara County, and it is alleged that some of these witnesses will testify to the fact that the place where the injury occurred was for many years immediately prior to the accident a public road and was used for the defendant com-

panies and by all of the residents of the town of Cerro Gordo during said time as a public road, and that the other witnesses will testify as to the injuries of the plaintiff.

[1] Without going into a detailed discussion of the materiality and admissibility of the evidence alleged by each party to this controversy to be proper and available in support of the respective allegations of the complaint and answer, it would appear from the foregoing broad outline of the contents of the affidavits that the equities of the parties in regard to the convenience of witnesses are probably rather closely balanced. This certainly cannot be said to be a case where the trial court has exceeded the bounds of reason, all the circumstances before it being considered, which is the definition given by our supreme court in the case of *Sharon* v. *Sharon*, 75 Cal. 1, 48, [16 Pac. 345], of an abuse of legal discretion. [2] The granting of a motion for a change of venue upon the ground of the convenience of witnesses rests largely in the discretion of the trial judge, and orders upon such motions will only be disturbed when the abuse of discretion is clear. (*Pascoe* v. *Baker*, 158 Cal. 232, at 235, [110 Pac. 815]; *Tait* v. *Midway Field Oil Co.*, 28 Cal. App. 107, 109, [151 Pac. 378]; *Bird* v. *Utica Gold Mining Co.*, 2 Cal. App. 672, [86 Pac. 509].)

The order appealed from is affirmed.

Haven, J., and Brittain, J., concurred.