[Civ. No. 161. Fourth Appellate District.—November 17, 1930.]

T. E. TOPHAM et al., Respondents, v. D. C. HUNTINGTON et al., Defendants; MATHILDE S. HUNTINGTON, Appellant.

Hugo Platz for Appellant.

Walter C. Davison for Respondents.

WARMER, J., *pro tem.*—The appeal herein is from an order denying a motion for change of venue. Plaintiffs T. E. Topham and Jessie A. Topham, husband and wife, brought their action in the Superior Court of the State of California in and for the County of Riverside. The defendants D. C. Huntington and Mathilde S. Huntington, husband and wife, were residents of the county of Los Angeles, California, at the time plaintiffs instituted said action. D. C. Huntington, one of the defendants, was not served with summons in said cause and the proceedings herein were and are on behalf of the defendant Mathilde S. Huntington alone. Said appearing defendant filed her notice of motion, affidavit of residence, affidavit of merits and demand for a change of place of trial, alleging as a ground for her demand for change of place of trial her residence in said county of Los Angeles; she also filed her answer and cross-complaint in said action at the same time, to wit, November 22, 1929. The sufficiency of the proceedings are not challenged. Said motion was noticed for hearing December 9, 1929, and came on regularly to be heard at said time. At the time of or immediately before said hearing the plaintiffs gave notice of motion to retain said cause in said superior court, alleging as a ground therefor the convenience of witnesses, and filed therewith an affidavit naming the witnesses plaintiffs expected to call, stating what plaintiffs expected to prove by each of said witnesses. When the said motion of said defendant was called for hearing the said motion of the plaintiffs came on for hearing before said court also. The court continued the hearing of each of said motions to December 16, 1929, in order to give the said defendant time within which to file affidavits opposing the motion to retain said cause in said court. On December 16,

1929, the said defendant filed a notice of motion for change of place of trial to the said county of Los Angeles, the grounds of said motion being the convenience of witnesses. She also filed an instrument designated "Offer of and Stipulation" and an affidavit setting forth the names of witnesses whom said defendant expected to call in said cause and the matters she expected to prove by their testimony. Plaintiffs filed their answer to the cross-complaint. Each of said motions came on regularly to be heard on the said sixteenth day of December, 1929, and were argued by counsel for the respective parties. The court denied the motion for change of place of trial, at which time defendant gave notice of appeal from the order denying the motion. The plaintiffs, respondents herein, ask for an affirmance of the order appealed from because of the failure of appellant to comply with the rules of this court in the preparation of her brief, and while the defendant has failed to print any of the evidence in her brief or in an appendix thereto, the record being short, we have decided to pass upon the merits of the appeal. It is admitted that this action is one that under proper proceedings taken and had must be tried in the county of the residence of the defendants unless the cause was properly retained on the ground of convenience of witnesses.

The cause of action involved the sale of citrus property a few miles from the city of Riverside, but within the county of San Bernardino. The affidavit filed by plaintiff shows that plaintiff intended to call for his witnesses, two persons who reside in the city of San Bernardino, a distance of approximately twelve miles from the city of Riverside and approximately sixty miles from the city of Los Angeles; also three persons who live in the city of Riverside and one E. M. Lash, a resident of Rialto, California; that the said city of Rialto is approximately twelve miles from the city of Riverside in the county of San Bernardino, and approximately fifty-five miles from the city of Los Angeles. The instrument designated as "Offer of and Stipulation" is as follows:

"Offer of and Stipulation. It is hereby offered as a stipulation and hereby stipulated that the testimony of certain witnesses of the plaintiffs as set out in the affidavit of T. E. Topham on file herein, may be used at the trial

of this action, in the same manner as if the said witnesses were actually present in court. subject, however, to any objection that defendant may make to such testimony if the same had been given by the witnesses if present, save as to the form of the testimony. The testimony thus stipulated to is the testimony of Robert Topham, as set out on page 2 of said affidavit of T. E. Topham; the testimony of H. L. Thompson, as set out on page 3, of said affidavit; the testimony of W. G. Ehlert, as set out in page 3 of said affidavit; the further testimony of Robert Topham as contained on page 4 of plaintiff's affidavit; the testimony of E. M. Lash, as set out on page 4 of said affidavit. Hugo Platz, attorney for M. S. Huntington.''

By referring to the affidavit of T. E. Topham as disclosed by the transcript, we find no such numbered pages in the transcript as are referred to in the ''Offer of and Stipulation'' above quoted, in anywise referring to the said affidavit. Hence it is impossible for this court to determine whether or not all or what portion of the testimony of Robert Topham, H. L. Thompson, W. G. Ehlert or E. M. Lash is intended to be stipulated to. The affidavit filed by the appellant herein in support of her motion for a change of place of trial on the ground of convenience of witnesses and as opposed to the motion for the retention of said cause in the said court by the respondents herein, contains the names and residences of the witnesses defendant expects to call and a statement as to what said defendant expects to prove by their testimony, but as to the witness D. C. Huntington, defendant herein, who has not yet been served, it does not appear where the said D. C. Huntington resides. However, it does appear that he does not reside in Riverside County, and that the defendants are living separate and apart. ▆ The motion for retention of said cause in the court where the same was instituted on the ground of convenience of witnesses and the said motion of the defendants for change of place of trial to Los Angeles County are addressed to the discretion of the court and the finding of the court thereon cannot be disturbed on appeal unless there is an abuse of discretion. *Tait* v. *Midway Field Oil Co.*, 28 Cal. App. 107 [151 Pac. 378]; *Hanchett* v. *Finch*, 47 Cal. 192; *Blevins* v. *Blevins*, 178 Cal. 318 [173 Pac. 402].)

██ The number of witnesses who reside in a county or in close proximity thereto is not alone decisive of the issue. In the case of *Bird* v. *Utica Min. Co.*, 2 Cal. App. 672 at 673 [86 Pac. 509], the court says: "The refusing or granting of a motion for a change of venue upon the ground that the convenience of witnesses and the ends of justice would be promoted thereby lies in the sound legal discretion of the trial court. . . . The mere preponderance in the number of witnesses does not necessarily control the matter; and unless it appears that the trial court has abused its discretion the appellate court will not interfere with the action of the lower court. . . . It is true that the witnesses for appellants, seventeen in number, resided in Calaveras county; but it is also true that the plaintiff and his witnesses, six in number, resided in San Francisco."

Again in *Scott* v. *Stuart*, 190 Cal. 526, at 529 [213 Pac. 947, 948], the court says: "There is no merit in the suggestion that the larger number of witnesses reside in or near the county of Monterey. A mere preponderance in number of witnesses which either party expects to produce will not necessarily determine the order to be made."

In the instant case it appears that the plaintiff intended to call four witnesses other than the parties and the defendant intended to call five witnesses other than the parties herein.

From the record it appears that the plaintiff and defendant had a contract relative to the purchase and sale of certain real property situated within a few miles of the said city of Riverside but within the county of San Bernardino; that the defendant claims plaintiffs were in default in certain payments under said contract; that said plaintiffs by certain false and fraudulent representations induced said defendants to enter into an agreement for the termination of said contract of purchase and sale and for the disposition of the crop of oranges then matured on said premises. All presumptions are in favor of the ruling of the trial court. (*Grant* v. *Bannister*, 145 Cal. 219 [78 Pac. 653].)

Appellant has failed to point out any abuse of discretion, and upon such ground the order appealed from should be affirmed. (*Grant* v. *Bannister, supra.*) We will, however, assume for the argument only that the "Offer of and

Stipulation" did in fact admit all of the testimony of all of the witnesses named therein. There are two witnesses whose testimony was not attempted to be admitted by said "Offer of and Stipulation" and the defendant intended to call five witnesses. However, the number of witnesses is not decisive of the question. (*Bird* v. *Utica Gold Min. Co., supra; Scott* v. *Stuart, supra.*) Under the issues herein the fraud claimed consisted in false representations both when said property was first purchased by the plaintiffs from the defendants and when the said premises were returned to said defendants by said plaintiffs.

In *Hanchett* v. *Finch*, 47 Cal. 192 at 193, the court said: "The court below must necessarily to some extent exercise its discretion in such cases, and has a better opportunity than we to determine whether the application is made in good faith, and whether the ends of justice will be best subserved by granting or refusing the motion. The mere preponderance in the number of witnesses on the one side or the other is not necessarily decisive of the application; and unless there is reason to believe that the court below has abused its discretion or injustice has been done, we are not inclined to interfere."

In *Blossom* v. *Waller*, 30 Cal. App. 439 at 441 [158 Pac. 509, 510], the court said: "Regard may be given to the character of the proposed testimony; and the court may therefore determine for itself from the showing made whether or not there be any necessity for the testimony of any or all of the desired witnesses. (Citing cases.)"

Applying these rules to the instant case, the character of the testimony, the number of witnesses, and all the facts and circumstances, even though the "Offer of and Stipulation" be considered to admit all the testimony of certain witnesses that it purports to affect, yet we find no abuse of discretion.

The order appealed from is affirmed.

Marks, Acting P. J., and Barnard, J., concurred.