[Civ. No. 12587. Second Appellate District, Division Two.—December 5, 1940.]

JOSEPHINE OTT, Respondent, v. M. A. GOTFRIED, Appellant.

Whitelaw & Whitelaw for Appellant.

August J. O'Connor and George J. Hider for Respondent.

MOORE, P. J.—Defendant appeals from an order denying his motion for change of place of trial of the action to Imperial County on the ground of convenience of witnesses. Affidavits in opposition to said motion were filed and the court, after a hearing on the merits, denied the motion.

The action was brought to recover the balance due on a contract payable at Los Angeles, for the purchase price of certain lands located in Imperial County. Defendant admitted the contract but denied that anything was due thereon. He pleaded fraudulent representations as to the effective inducements to the execution of the agreement and filed a cross-complaint setting forth the same allegations and demanded a rescission and cancellation of the contract sued upon and the return of $2,500 already paid on the purchase price.

The question for determination is whether the court abused its discretion in denying the motion for change of venue.

The allegations of fraudulent misrepresentation consisted of the following: (1) that the land is good for growing vegetables and melons; (2) that the land was in alfalfa for ten consecutive years; (3) that the land was without alkali or water table. It will be noted that the first allegation is of an opinion, while plaintiff avers, and designates witnesses who will testify, that neither of the two statements of fact were made.

In setting forth the names of his witnesses who reside in Imperial County and the substance of the testimony which each would give at the trial, defendant presented only witnesses who according to the affidavits would be able to give testimony to disprove the alleged deceptive statements. Not one was named as a witness who could testify that the alleged

fraudulent representations were in fact made. On the contrary, plaintiff's affidavit named three witnesses who would testify at the trial that no such fraudulent statements were made, and one of the witnesses was the attorney of defendant who was present at the time of the sale. Inasmuch as the primary issue in the controversy was whether the fraudulent representations were made by plaintiff, the trial judge was confronted with the question whether it would be fair to require the plaintiff to travel to Imperial County for a trial of whether or not she had made the alleged false statements to the defendant. He properly decided in the negative.

Moreover, it must have appeared to the trial court from the affidavits that defendant had a familiar knowledge of the land in question prior to his purchase and that he, therefore, did not rely upon any statement of plaintiff as a basis of making the purchase. Also, notwithstanding that the defendant entered into possession of the land in April of 1938, yet on May 13, 1939, only two months before filing suit, in a letter to plaintiff he made no mention of any claim of having been deceived by plaintiff, but on the contrary requested an extension of the time within which to pay sums that were due and advised plaintiff that she ought to know that "these shippers can make a fortune one year and lose everything the next".

The defendant contends that inasmuch as there is no contradiction of his averments that his named witnesses will give testimony as to the wretched quality of the soil of the land in question, it was the bounden duty of the trial judge to grant the motion. But this by no means follows. A trial of the falsity of the alleged misrepresentations is secondary in importance to the trial of the fact as to whether the alleged inducing statements were made. The authorities relied upon by defendant in support of his claim that the court should have granted the order (*Carr* v. *Stern,* 17 Cal. App. 397, 407 [120 Pac. 35], *Bartholomae Oil Corp.* v. *Associated Oil Co.,* 203 Cal. 176 [263 Pac. 516], *Thompson* v. *Brandt,* 98 Cal. 155 [32 Pac. 890], *Perky* v. *Perky,* 190 Cal. 492 [213 Pac. 492], *Freeman* v. *Dowling,* 219 Cal. 213 [25 Pac. (2d) 980], *Security Inv. Co.* v. *Gifford,* 179 Cal. 277 [176 Pac. 444], *First Trust etc. Bank* v. *Meredith,* 16 Cal. App. (2d) 504 [60 Pac. (2d) 1023, 62 Pac. (2d) 369], and *Ryan* v. *Inyo etc. Co.,* 41 Cal. App. 758 [183 Pac. 251]) are not in point. These are

cases in each of which the losing party had no witnesses whose convenience would be served by holding the trial where the cause was instituted, or he had no witnesses residing outside of the county of the proposed place of trial, or his witnesses resided outside of the state and their journey to the proposed county was as convenient as to the original county, or his claims were equally balanced with those of his adversaries, or his witnesses were experts whose convenience was not to be considered.

The trial judge did not abuse his discretion in denying the motion.   Order affirmed.

Wood, J., and McComb, J., concurred.